**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 95-4-P-H** |
| | ) | |
| **ARMONDO COLE,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

On August 18, 1995 (judgment signed August 25, 1995), I sentenced Armondo J. Cole to 30 years (360 months) in prison. A jury had convicted him of two crimes, conspiracy to possess with intent to distribute more than 50 grams of cocaine base, and possession with intent to distribute more than 50 grams of cocaine base. Because Cole had two prior felony drug convictions and one conviction for a crime of violence, he was a career offender within the meaning of Guideline 4B1.1. As a result, Guideline 4B1.1 prescribed a Criminal History Category of VI and a base offense level of 37 (the latter, because the maximum term of imprisonment for both crimes was life). Since Cole went to trial, he did not receive a reduction for acceptance of responsibility, and his total offense level was 37. Those numbers produced a Guideline sentence range of 360 months to life.

On January 25, 2008, Cole filed a motion for appointment of counsel. As the basis for the motion, he states that in "light of new discovered facts," he "has

come to know and understand that he is under a[n] illegal sentence and/or custody." The timing of the motion suggests that Cole believes that the new and more forgiving crack/cocaine base Guideline that will become retroactive March 3, 2008, could reduce his sentence. Unfortunately for Cole, he is wrong. His original sentence was not based on Guideline calculations of the quantity of crack/cocaine base, but upon the fact that he was a career offender. The relevance of the 50 grams of crack/cocaine base was to make him subject to a maximum term of life imprisonment *under the statute*, given his previous convictions. 21 U.S.C. § 841(b)(1)(A). That is what drove the Guideline range, not the Guideline calculations for crack cocaine. Applying the new, more lenient crack/cocaine base Guideline simply would not affect Cole's sentence.

Since there is no other apparent basis for appointing counsel to represent Mr. Cole in attacking his sentence, the motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 29TH DAY OF JANUARY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**